UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MASSEY,

    Plaintiff,

v.                                                                     CIVIL ACTION NO. 1:24-cv-00002

FOCKE & CO., INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Focke & Co., Inc.'s ("Focke") Motion to Dismiss [ECF 23], filed November 4, 2024. Plaintiff James Massey responded in opposition [ECF 25] on November 25, 2024, to which Focke replied [ECF 26] on December 9, 2024. The matter is ready for adjudication.

### I.

Mr. Massey was employed by Focke from December 1, 1993, to November 2, 2022. [ECF 21 at ¶ 7, 42]. On November 4, 2019, Mr. Massey was promoted to Purchasing and Building Maintenance Supervisor after celebrating his 25th anniversary with Focke. [*Id.* at ¶ 9–10]. A month later, he began having health issues and took leave on February 24, 2020, to undergo open heart surgery. [*Id.* at ¶ 11, 13–14]. He returned to work in June 2020. [*Id.* at ¶ 15]. Rather than returning to his previous role, Mr. Massey was assigned to perform two roles instead, namely, Machine Shop Supervisor and Facility Maintenance—roles typically performed by two employees. [*Id.* at ¶ 16–17].

Mr. Massey struggled to fulfill the increased responsibilities inasmuch as he was still recovering from surgery. [*Id.* at ¶ 20–21]. He experienced "extreme fatigue, headaches, significant bodily pain, and trouble breathing, which significantly impairs his ability to sleep." [*Id.* at ¶ 23]. Mr. Massey informed his supervisors that the new roles were too demanding and requested reasonable accommodation. [*Id.* at ¶ 24–26]. He contends he needed more breaks than permitted to cope with his health conditions. [*Id.* at ¶ 28–29]. The breaks included "clos[ing] his eyes for brief periods" to alleviate extreme fatigue or a headache. [*Id.* at ¶ 32]. However, his supervisors stated he would just "have to do it" and denied his request. [*Id.* at ¶ 27–28, 33]. On one occasion, Mr. Massey was told to "wake up" by a supervisor despite knowing he was suffering from a bad headache. [*Id.* at ¶ 34].

On February 16, 2022, Mr. Massey was suspended for five days without pay. [*Id.* at ¶ 36]. The reason for suspension is not alleged in the complaint. When he returned, Mr. Massey was instructed to train a significantly younger individual as his replacement. [*Id.* at ¶ 37]. In reviewing his employment documentation kept by Focke, he learned of reports alleging he was sleeping on the job. [*Id.* at ¶ 38]. He had previously observed other employees "nod off" during work hours and contends Focke never addressed this behavior with him prior. [*Id.* at ¶ 39–40]. On November 2, 2022, Focke terminated Mr. Massey for sleeping on the job. [*Id.* at ¶ 42].

On January 2, 2024, Focke removed to the Middle District of North Carolina. [ECF 1]. On October 4, 2024, Mr. Massey filed an amended complaint. [ECF 21]. He alleges (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") pursuant to 29 U.S.C. §§ 621–634, (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. §§ 12101–12213, and (3) wrongful termination in violation of the North Carolina Equal Employment Practices Act

("EEPA") pursuant to N.C. Gen. Stat. § 143-422.2(a). [*Id.* at ¶ 43–75]. Mr. Massey seeks compensatory damages and reasonable attorney fees and costs. [*Id.* at 9].

On November 4, 2024, Focke moved to dismiss. [ECF 23]. It asserts Mr. Massey fails to state claims for which relief can be granted, pursuant to *Federal Rule of Civil Procedure* 12(b)(6). [*Id.*].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684

3

F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555–56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

*A. ADEA Claim*

The ADEA prohibits employers from "discriminat[ing] against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "To prevail on an ADEA claim, a plaintiff must prove . . . that age constituted the but-for cause of the adverse employment action." *Bandy v. City of Salem, Virginia*, 59 F.4th 705, 710 (4th Cir. 2023) (citing *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)). Simply put, "an employee cannot prevail . . . by showing that

4

age was one of multiple motives for an employer's [adverse employment] decision; the employee must prove that the employer would not have fired her in the absence of age discrimination." *Palmer v. Liberty Univ., Inc.*, 72 F.4th 52, 63 (4th Cir. 2023) (quoting *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019)). Although a plaintiff is not required to plead a prima facie case of age discrimination at this juncture, they must still "allege facts to satisfy the elements of a[n] [ADEA] cause of action." *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002); *McCleary-Evans*, 780 F.3d at 585. Thus, a plaintiff must allege sufficient facts that establish "(1) at the time of [his] firing, [he] was at least 40 years of age; (2) [he] was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) [his] employer nonetheless discharged [him]; and (4) a substantially younger individual with comparable qualifications replaced [him]." *Westmoreland*, 924 F.3d at 725; *see also Palmer*, 72 F.4th at 63; *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). Mr. Massey makes the following allegations for his ADEA claim:

> 44. The ADEA protects employees who are at least forty (40) years old from discrimination in employment.
>
> 45. Mr. Massey was one of the oldest employees in his position at Focke.
>
> 46. Mr. Massey satisfactorily performed his job at Focke.
>
> 47. Mr. Massey was terminated because he was 59 years old.
>
> 48. Mr. Massey was replaced by a substantially younger employee, his trainee, following his termination.

[ECF 21 at 6].

Focke argues Mr. Massey's ADEA claim should be dismissed inasmuch as the Complaint merely provides "conclusory statements and recitals of an ADEA cause of action." [ECF 24 at 10]. It contends Mr. Massey failed to supply the details necessary for an ADEA claim,

including how he met legitimate expectations or the age and qualifications of his replacement. [*Id.*]. The Court notes additionally, however, the Complaint fails to establish that Mr. Massey's age was the "but-for" cause of his termination. Instead, it solely trains on Mr. Massey's health condition without addressing any connection between his age and his termination. Mr. Massey's ADEA claim merely recites the elements required without providing any factual allegations to support the alleged legal conclusions.

Accordingly, Mr. Massey's ADEA claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and the Motion to Dismiss [**ECF 23**] is **GRANTED** in part to the same extent. Mr. Massey is given leave to correct the deficiencies identified and, if he so desires, to re-plead the claim within 14 days.

*B. ADA and EEPA Claims*

Mr. Massey claims Focke violated the ADA on two grounds. First, he alleges Focke failed to provide "any reasonable accommodation for his disability." [ECF 21 at ¶ 55]. Second, Mr. Massey claims Focke wrongfully terminated him "because he would close his eyes for brief periods due to his extreme fatigue or headaches from his ongoing health conditions." [*Id.* at ¶ 62]. Mr. Massey also asserts a claim of wrongful termination pursuant to North Carolina public policy, as stated in the North Carolina EEPA. [*Id.* at ¶ 66–74]. Focke contends that both supports for Mr. Massey's ADA claim must be dismissed pursuant to Rule 12(b)(6). [ECF 23 at 2–3]. It further asserts Mr. Massey's EEPA claim for wrongful termination should be dismissed on the same grounds. [*Id.* at 4–5]. In addition, it claims dismissal is required inasmuch as "the facts are time-barred by the ADA statute of limitations." [*Id.* at 3–4].

### 1. Failure to Accommodate

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112(b)(5)(A). To survive a motion dismiss for a failure-to-accommodate claim, a plaintiff must plausibly allege: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021) (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)); *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 414 (4th Cir. 2015).

A plaintiff is required, however, to first exhaust administrative remedies prior to pursuing a federal discrimination claim. *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *Syndor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012); *Keith v. Volvo Grp. N. Am., LLC*, No. 23-1178, 2024 WL 1193096, at *3 (4th Cir. Mar. 20, 2024). This process mirrors the procedures required for Title VII claims. *Syndor*, 681 F.3d at 593. An ADA charge must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice. *See Stewart v. Iancu*, 912 F.3d 693 (4th Cir. 2019); *Davis v. American Airlines, Inc.*, 792 F. App'x 265, 265 (4th Cir. 2020). Failure to exhaust administrative remedies will bar a plaintiff from pursuing his or her claim. *Delaware State College v. Ricks*, 449 U.S. 250, 262 (1980).

It is undisputed Mr. Massey filed an age and disability discrimination charge with

the EEOC on April 25, 2023. [ECF 24-1]. Mr. Massey's charge, however, makes no mention of Focke's failure to accommodate his requests for additional breaks. "If the discrimination claims 'exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" *Walton*, 33 F.4th at 172 (quoting *Chacko v. Pautuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005)) (internal quotation marks and citation omitted). "A claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits." *Chacko*, 429 F.3d at 509.

Our Court of Appeals has established, however, that courts may still adjudicate claims not raised in the EEOC charge if they are "like or related and grow out of the allegations during the pendency of the case before the [EEOC]." *Stewart*, 912 F.3d at 705 (citing *Sydnor*, 681 F.3d at 594) (internal quotation marks omitted); *see also Chacko*, 429 F.3d at 506; *Hill v. Western Electric Co., Inc.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982). Mr. Massey's failure-to-accommodate claim is related to the allegations described in his EEOC charge. Although not explicitly stated, Mr. Massey alleged that when he returned to work, he was "assigned more duties than previously" and "that the additional duties were negatively impacting [his] health." [ECF 24-1]. Mr. Massey's failure-to-accommodate claim sufficiently appears to arise out of the allegations included within the EEOC charge. Thus, dismissal at this early stage is unwarranted inasmuch as there may later appear during discovery additional information bearing upon the relatedness inquiry.

Accordingly, Focke's Motion to Dismiss Mr. Massey's ADA claim for failure-to-accommodate [**ECF 23**] is **DENIED**.

### 2. ADA and EEPA Wrongful Termination Claims

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112(a). The EEPA prohibits an employer from discriminating against an employee "on the account of . . . handicap." N.C. Gen. Stat. § 143-422.2. Wrongful termination claims under the EEPA are evaluated under the same legal framework as its federal statutory counterparts. *Sampson v. Hospira, Inc.*, 531 F. App'x 388, 389–90 (4th Cir. 2013); *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 277 (4th Cir. 1995); *Faulkner v. Tyco Elecs. Corp.*, 552 F. Supp. 2d 546, 553 (M.D.N.C. 2008).

To survive a motion to dismiss for wrongful termination, a plaintiff must plausibly allege the following: (1) he was a "qualified individual with a disability," (2) he was discharged, (3) he met the employer's legitimate expectations at the time of discharge, and (4) the circumstances of the discharge raise a reasonable inference of unlawful discrimination. *Kelly v. Town of Abingdon, Va.*, 90 F.4th 158, 169 (4th Cir. 2024) (citing *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012)). Like the ADEA, wrongful termination claims under the ADA require the presence of "but-for" causation. *Kelly*, 90 F.4th at 169 (citing *Gentry v. East West Partners Club Mgmt Co. Inc.*, 816 F.3d 228, 235–36 (4th Cir. 2016)). Dismissal of a wrongful termination claim is appropriate when a plaintiff "fails to connect the dots" such that "the district court could only have inferred disability discrimination by speculating as to the [employer's] motivation." *Id.* at 170–71. Focke asserts Mr. Massey was not a qualified individual nor was he discharged because of a disability.

"An employee is qualified if [he or she] can perform the essential functions of the employment position they hold or desire, either with or without reasonable accommodation." *Wirtes*, 996 F.3d at 238 (cleaned up) (quoting *Laird v. Fairfax Cnty., Va.*, 978 F.3d 887, 892 n.2

9

(4th Cir. 2020)); 42 U.S.C. § 12111(8). "A job function is essential when 'the reason the position exists is to perform that function,' when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(2)).

Focke contends Mr. Massey does not plausibly allege he is a "qualified individual" inasmuch as he fails to specifically detail the essential functions of either his prior position or his new position. [ECF 24 at 12 (citing *Chisholm v. Mountaire Farms of North Carolina Corp.*, 629 F. Supp. 3d 368, 375 (M.D.N.C. 2022)]. In *Chisholm*, the district court determined the plaintiff did not plausibly allege he was a "qualified individual" inasmuch as he did not "articulate the essential functions of his job." *Chisholm*, 629 F. Supp. 3d at 375. The court also noted, however, that the plaintiff failed to provide *any* facts showing he could perform the essential functions of his job, with or without reasonable accommodation. *Id.*

While the specifics of Mr. Massey's duties are not exhaustively detailed, they are adequately alleged, particularly with respect to the need for accommodation. *See EEOC v. Advanced Home Care, Inc.*, 305 F. Supp. 3d 672, 676 (M.D.N.C. 2018) (declining to require allegations of essential job functions at the motion to dismiss stage); *Webb v. Chesterfield Cnty.*, No. 3:19-CV-00183-JAG, 2019 WL 2992011, at *2 (E.D. Va. July 8, 2019) (focusing on "whether a plaintiff has alleged that he could perform the essential functions" rather than whether plaintiffs "allege their essential job functions"); *Rubino v. New Action Mobile Indus., LLC*, 44 F. Supp. 3d 616, 623 (D. Md. 2014) (finding the plaintiff failed to adequately plead that he could perform the essential functions of his job inasmuch as "it [was] not possible to tell . . . what the Plaintiff's job involve[d]."). For example, Mr. Massey claims he "could perform all of his duties as Purchasing

10

and Building Maintenance Supervisor, [his prior position], at the level of Focke's legitimate expectations" upon returning to work after his open-heart surgery. [ECF 21 at ¶ 15]. However, he alleged his new position involved half of his prior position along with 100% of an entirely new position, which included the additional responsibility of meeting with outside contractors during the regularly scheduled work breaks. [*Id.* at ¶ 18, 33]. Accordingly, Mr. Massey was "qualified and capable of performing the duties of Purchasing and Building Maintenance Supervisor, Machine Shop Supervisor, or Facility maintenance, but not multiple full-time positions at the same time." [*Id.* at ¶ 19]. The Complaint further establishes that Mr. Massey's new position required his breaks to be occupied by meetings with outside contractors, that he requested additional breaks, and that he could perform the essential function of his position with that requested accommodation. Our Court of Appeals has noted that "[i]dentifying the essential functions of a job requires a factual inquiry that is guided by several statutory and regulatory factors." *Stephenson v. Pfizer, Inc.*, 641 F. App'x 214, 220 (4th Cir. 2016) (citing *Jacobs*, 780 F.3d at 579). At this juncture, Mr. Massey has alleged sufficient facts to establish he is a qualified individual. Dismissal at this early stage is unwarranted.

As to the fourth element, Focke contends "there are no factual allegations connecting Plaintiff's disability to the decision to terminate him." [ECF 24 at 15]. However, Mr. Massey's existing allegations sufficiently give rise to a reasonable inference that termination was due to unlawful discrimination. Mr. Massey alleges (1) he closed his eyes for brief periods when taking breaks due to the residual effects of his surgery and health conditions, (2) that the residual effects caused "extreme fatigue, headaches, and breathing problems, which significantly impair his ability to sleep," (3) that his new position required his regularly scheduled breaks to be occupied by meetings, (4) that he requested additional breaks, (5) that Focke did not permit the

11

additional breaks, and (6) that he was terminated for sleeping on the job. [ECF 21 at ¶ 52–63; ECF 25 at 9–10]. These facts go beyond mere speculation regarding Focke's motivation for terminating Mr. Massey.

Lastly, Focke contends Mr. Massey's wrongful termination claim relies on allegations that are time-barred. [ECF 24 at 20]. It asserts Mr. Massey's charge of discrimination with the EEOC on April 25, 2023, alleged acts of purported disability discrimination based on incidents from 2020. [*Id.* at 21]. Focke claims these allegations are untimely inasmuch as Mr. Massey's EEOC charge surpassed the 180-day limit required for claims of discrimination.

Analysis of the assertion would benefit from a thorough development of the factual timeline and further elucidation of those factual predicates Mr. Massey actually relies upon in support of his claims. Accordingly, final adjudication of this particular contention awaits closure of the evidentiary record following discovery.

Accordingly, Focke's Motion to Dismiss Mr. Massey's ADA and EEPA claims for wrongful termination [**ECF 23**] is **DENIED**.

**IV.**

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: March 5, 2025



Frank W. Volk
Chief United States District Judge